<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THE MICHAEL E. PANEBIANCO ACC FAMILY TRUST, <br><br> Plaintiff, <br><br> v. <br><br> VET COLLECT, LLC, et al., <br><br> Defendants. | Civil Action No. 23-01943 (GC) (JBD) <br><br> **MEMORANDUM ORDER** |

<u>**CASTNER, United States District Judge**</u>

This matter comes before the Court on Plaintiff the Michael E. Panebianco ACC Family Trust's motion for default judgment against Defendants Vet Collect, LLC, and Mark Capone, pursuant to Federal Rule of Civil Procedure (Rule) 55(b).  (ECF No. 7.)  The Court has reviewed the Trust's submissions and decides the motion without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b).  For the reasons set forth below, and other good cause shown, the Trust's motion is **DENIED** without prejudice.

**I.    BACKGROUND**

The premise of this case is that Defendants defaulted on payments owed to the Trust under two promissory notes.  In a two-count complaint, the Trust brought claims for breach of contract against Vet Collect, LLC, and breach of the personal guaranties of the notes against Capone.  (ECF No. 1.)  After Defendants were served and failed to answer, the Trust obtained a Clerk's entry of default.  (ECF entry dated 9/11/2023.)  The Trust then moved for default judgment.  (ECF No. 7.)

## II.     LEGAL STANDARD

Under Rule 55(a), a plaintiff may request that the clerk of court enter default as to "a party against whom a judgment for affirmative relief is sought [who] has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).  Once a default has been entered, the plaintiff may then seek the entry of a default judgment—by either the clerk or the court itself—under Rule 55(b).  Fed. R. Civ. P. 55(b).

A party is not entitled to a default judgment as of right; "the entry of such a judgment is left primarily to the discretion of the district court." *DirecTV, Inc. v. Asher*, Civ. No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984)).  Because default judgments prevent the resolution of claims on their merits, the court "does not favor entry of defaults and default judgments." *United States v. Thompson*, Civ. No. 16-0857, 2017 WL 3634096, at *1 (D.N.J. July 20, 2017) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)).

In entering default judgment, a court must determine whether (1) it has personal and subject-matter jurisdiction, (2) the defendant was properly served, (3) the complaint sufficiently pleads a cause of action; and (4) the plaintiff has proven damages. *Days Inns Worldwide, Inc. v. T.J. LLC*, Civ. No. 16-8193, 2017 WL 935443, at *2 (D.N.J. Mar. 9, 2017) (citation omitted).  The court must also evaluate "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. New Jersey Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)); *see also Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (same).  If these factors weigh in favor of the moving party, the court may grant default judgment.

## III.     DISCUSSION

The Trust invokes diversity-based subject-matter jurisdiction. "[F]or diversity jurisdiction to exist, 'no plaintiff [may] be a citizen of the same state as any defendant[,]' and the amount in controversy must exceed $75,000." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)); *see* 28 U.S.C. § 1332(a). "The key inquiry in establishing diversity is thus the 'citizenship' of each party to the action." *Zambelli Fireworks*, 592 F.3d at 419. The Trust's pleadings, however, do not establish complete diversity of citizenship between the parties.

The Trust's citizenship depends on what type of trust it is. "[T]he citizenship of a traditional trust is only that of its trustee, while that of a business entity called a trust is that of its constituent owners." *GBForefront*, 888 F.3d at 39. "[T]he analysis for determining whether a trust is traditional or for business purposes in the context of diversity jurisdiction citizenship" involves two inquires: "(1) looking to the law of the state where the trust was formed to determine if it has the status of a juridical person (however, labels affixed by state law are not determinative) and (2) looking to the purposes of the trust." *N. Hills Vill. LLC v. LNR Partners, LLC*, 479 F. Supp. 3d 189, 195 (W.D. Pa. 2020) (citing *GBForefront*, 888 F.3d at 40). Here, the Trust alleges merely that "Plaintiff is a Trust with an address of 318 S. Clinton St., Suite 400, Syracuse, NY 13202." (ECF No. 1 ¶ 2.) As a result, the Trust does not establish its own citizenship.

Nor does the Trust establish the citizenship of Vet Collect, LLC. For purposes of diversity jurisdiction, "a limited liability company is a citizen of all the states of its members." *GBForefront*, 888 F.3d at 34 (citing *Zambelli Fireworks*, 592 F.3d at 420). Yet here, the Trust alleges only that Vet Collect, LLC, "is a New Jersey limited liability company duly organized and existing by virtue of law." (ECF No. 1 ¶ 3.) The pleadings also show that Capone, a New Jersey resident, is the

managing member of Vet Collect, LLC. (*See id.* ¶ 4; ECF No. 1-1 at 3.) But they do not show that Capone is the LLC's only member.

Without this information, the Court cannot find that complete diversity exists such that it has subject-matter jurisdiction over this action. And without that finding, the Court cannot proceed. "Federal courts are courts of limited jurisdiction, and without subject-matter jurisdiction, they lack authority to address the merits of a case." *Temple Univ. Hosp., Inc. v. Sec'y United States Dep't of Health & Hum. Servs.*, 2 F.4th 121, 130 (3d Cir. 2021). To proceed with its motion, the Trust must satisfy the requirements of § 1332(a).

### IV.   CONCLUSION & ORDER

For the reasons set forth above, and other good cause shown,

**IT IS** on this 29th day of July 2024 **ORDERED** as follows:

1. The Trust's motion for default judgment (ECF No. 7) is **DENIED** without prejudice.

2. Within 14 days after the entry of this Memorandum Order, the Trust must show cause why this case should not be dismissed for lack of subject-matter jurisdiction.

3. The Clerk's Office is directed to **ADMINISTRATIVELY TERMINATE** the Trust's motion (ECF No. 7) pending the Trust's show-cause response. If the Trust establishes subject-matter jurisdiction, its motion shall be relisted on the Court's active calendar.

4. The Trust shall serve Defendants with a copy of this Memorandum Order within 14 days.

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

4