<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE MICHAEL E. PANEBIANCO ACC FAMILY TRUST,<br>       Plaintiff,<br><br>   v.<br><br>VET CELLECT, LLC, et al.<br><br>       Defendants. | Civil Action No. 23-01943 (GC) (JTQ)<br><br>**<u>MEMORANDUM OPINION</u>** |

**<u>CASTNER, District Judge</u>**

  **THIS MATTER** comes before the Court upon Plaintiff Michael E. Panebianco ACC Family Trust's unopposed Motion for Default Judgment against Defendants Vet Cellect, LLC (VCL) and Mark Capone (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure ("Rule") 55(b). (ECF Nos. 7 & 13.) The Defendants have not filed opposition papers or otherwise appeared in this action. The Court has carefully considered Plaintiff's submissions and decides the Motion without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For reasons set forth below, and other good cause shown, Plaintiff's Motion is **GRANTED** in part and **DENIED** in part without prejudice.

**I.  BACKGROUND**

  This case arises from Defendants' alleged failure to repay a debt owed pursuant to two promissory notes executed on July 2, 2020. (ECF No. 1 ¶¶ 6-10.) On April 5, 2023, Plaintiff brought suit against Defendant VCL for breach of contract and against Defendant Capone, VCL's president, for breach of guaranty. (*Id*. ¶¶ 6-19.) After Defendants were served and failed to answer,

Plaintiff obtained a Clerk's entry of default and subsequently moved for default judgment. (ECF No. 7.) This Court denied the motion without prejudice and issued an Order to Show Cause requiring Plaintiff to establish subject matter jurisdiction. (ECF No. 10.) Plaintiff subsequently addressed subject matter jurisdiction in its Amended Motion for Default Judgment, which was filed on August 26, 2024. (ECF No. 13.) To date, Defendants have not responded or otherwise appeared in this action.

## II.    LEGAL STANDARD

Under Rule 55(a), a plaintiff may request that the clerk of court enter default as to "a party against whom a judgment for affirmative relief is sought [who] has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Once a default is entered, the plaintiff may seek entry of a default judgment — either by the clerk or the court itself — under Rule 55(b).

A party is not entitled to a default judgment as of right; "the entry of such a judgment is left primarily to the discretion of the district court." *Directv, Inc. v. Asher*, Civ. No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). Because default judgment prevents the resolution of claims on their merits, the court "does not favor entry of defaults and default judgments." *United States v. Thompson*, Civ. No. 16-0857, 2017 WL 3634096, at *1 (D.N.J. July 20, 2017) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)).

Following an entry of default, "[a] defendant is deemed to have admitted the factual allegations of the Complaint . . . except those factual allegations related to the amount of damages." *Directv*, 2006 WL 680533, at *1. Still, "[t]he Court need not accept the moving party's legal conclusions, because [e]ven after default . . . it remains for the court to consider whether the

2

unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id*. (citation and internal quotation marks omitted).

"Before entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties." *The Prudential Ins. Co. of Am. v. Bramlett*, Civ. No., 2010 WL 2696459, at *1 (D.N.J. July 6, 2010).  Then, the "the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper." *G & G Closed Cir. Events, LLC v. Remsen Assocs., Inc.*, Civ. No. 19-13019, 2021 WL 1139873, at *2 (D.N.J. Mar. 24, 2021) (quoting *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, Civ. No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012)).  To determine whether default judgment is proper, the court evaluates "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. New Jersey Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).  If these factors weigh in favor of the moving party, the court may grant default judgment.

### III.  DISCUSSION

#### A. Jurisdiction and Service

This Court has subject matter jurisdiction under 28 U.S.C. § 1332 as "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different [s]tates."  28 U.S.C. § 1332(a)(1). Plaintiff alleges damages in the amount of $266,629.91, including interest and attorneys' fees, which satisfies § 1332's amount-in-controversy requirement.  (ECF No. 13-1 at 14.)  Plaintiff has also established complete diversity: Plaintiff is a New York Trust with a trustee domiciled in Alaska

3

and an owner/beneficiary residing in Florida.  (*Id*. at 2-3.)  Defendants are both citizens of New Jersey.[1]  (*Id*. at 3.)

The Court also has personal jurisdiction, as both Defendants were properly served within the State of New Jersey pursuant to Rule 4.  A federal district court sitting in New Jersey "has jurisdiction over parties to the extent provided under New Jersey state law."  *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004); Fed. R. Civ. P. 4(k).  "The primary method of obtaining *in personam* jurisdiction over a defendant in [New Jersey] is by causing the summons and complaint to be personally served within the state."  N.J. Ct. R. 4:4-4(a).  Under Rule 4(h), a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h)(1)(B).  On May 10, 2023, Plaintiff served VCL via personal service by delivering a copy of the summons and complaint to Capone, who was authorized to accept service on VCL's behalf.  (ECF No. 5 at 1.)  Plaintiff also served Capone in his personal capacity during that time.  (*Id*. at 2.)

While Plaintiff has properly served the summons and complaint, the Court may only enter default judgment against Defendants if they failed to file an answer or otherwise respond within twenty-one days (the time allotted by the Federal Rules).  *Loc. 365 Pension Fund* v. *Kaplan Bros. Blue Flame Corp.*, Civ. No. 20-10536, 2021 WL 1976700, at *3 (D.N.J. May 18, 2021) (citing *Gold Kist, Inc.*, *v. Laurinburg Oil Co., Inc.,* 756 F.2d 14, 18–19 (3d Cir. 1985).  The Clerk's Entry

---

[1]   Defendant Capone is an individual citizen of New Jersey.  (ECF No. 13-1 at 3.)  Because Defendant VCL is an LLC, we determine citizenship by looking at the citizenship of each of its members, *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010), all of whom are New Jersey citizens.  (*See* ECF No. 13-1 at 3.)

4

of Default was duly noted on September 8, 2023, (ECF entry dated 9/11/2023), and Defendants have not otherwise engaged in this action since that date.

### B. Sufficiency of Plaintiff's Causes of Action

To establish a breach of contract claim, Plaintiff must allege that "(1) a contract [existed] between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). Plaintiff has pled each of these elements. The Complaint establishes *first*, the existence of a valid contract between Plaintiff and Defendants (ECF No. 1 ¶¶ 7,15); *second*, that Defendants breached that contract (*id*. ¶¶ 9, 17); *third*, that Plaintiff has suffered damages from Defendants' breach (*id*. ¶¶ 12-13); and *fourth* that Plaintiff performed all its obligations pursuant to the promissory notes (*id*. ¶ 11).

### C. Appropriateness of Default Judgment

Next, the Court must evaluate the appropriateness of default judgment by considering "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady*, 250 F.R.D. at 177. Here, all three factors weigh in favor of granting default judgment.

First, because Defendants have failed to appear in this action, there is no indication that they have a meritorious defense. Therefore, "this factor is either inconclusive, or it weighs slightly in Plaintiff's favor." *Joe Hand Promotions, Inc. v. Waldron*, Civ. No. 11-849, 2013 WL 1007398, at *4 (D.N.J. Mar. 13, 2013); *see also Hill v. Williamsport Police Dept.,* 69 F. App'x 49, 52 (3d Cir. 2003) ("Because the defendants had not yet filed an answer, the District Court was unable to evaluate whether they had a litigable defense, [rendering this] factor . . . inconclusive."); *Dish Network L.L.C. v. Rounds,* Civ. No. 11-241, 2012 WL 1158798, at *3 (D.N.J. Apr. 6, 2012) (noting

5

that in light of defendant's failure to "[respond] in any manner to the Complaint [,] . . . [t]here is nothing to suggest that Defendant has a meritorious defense to liability"). Second, given Defendants' failure to answer or appear, Plaintiff "suffers prejudice if it [does not] receive a default judgment because it has no alternative means of vindicating its claim against the defaulting parties." *G & G Closed Cir. Events*, 2021 WL 1139873, at *4 (quoting *Joe Hand*, 2013 WL 1007398, at *4). Third, the Court is permitted to draw an inference of culpability when Defendants fail to respond. *J & J Sports Prods., Inc. v. Tribiri-Tabara, LLC*, Civ. No. 18- 13867, 2019 WL 2754955, at *3 (D.N.J. July 2, 2019) ("When a defendant has failed to answer, move, or respond to a complaint, culpability is presumed"). Accordingly, the Court finds that default judgment is appropriate.

### D. Damages

Plaintiff must still prove damages. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) ("A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." (citation and internal quotation marks omitted)). Under Rule 55(b), a court need not accept allegations as to damages as true and may order a plaintiff seeking default judgment to provide additional evidence in support of its allegations. *Doe v. Simone*, Civ. No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While a court may conduct a hearing to determine the amount of damages pursuant to Rule 55(b), a hearing may not be necessary "so long as [the Court] ensures that there is a basis for the damages specified in the default judgment." *Paniagua Grp., Inc. v. Hosp. Specialists, LLC*, 183 F. Supp. 3d 591, 605 (D.N.J. 2016) (internal quotations and citations omitted).

Plaintiff has filed copies of the payment agreements and promissory notes, (ECF No. 1-1), and a declaration from its attorney, Richard J. Perr, (ECF No. 13-2), as exhibits to their Complaint

and Motion for Default Judgment, respectively. Perr certifies that Plaintiff loaned Defendants $220,000 pursuant to two promissory notes. (ECF No. 13-2 ¶¶11-12.) The notes verify that Defendants are liable for (1) a $100,000 loan with interest payments of 10% per annum; and (2) a $120,000 loan with interest payments of 5% per anum. (ECF No. 1-1.) Perr's certification states that as of August 23, 2024:

- The current balance on the $100,000 loan is $107,499.97 ($100,000 in principal and $7,499.97 in interest). (ECF No. 13-2 ¶ 11.)

- The current balance on the $120,000 loan is $141,631.20 ($120,000 in principal and $21,631.20 in interest). (*Id.* ¶ 12.)

Plaintiff requests the outstanding balance on both loans in addition to the following:

- $6,364 in attorneys' fees. (ECF No. 13-1 at 12.)

- $6,958.90 in prejudgment interest regarding the $100,000 loan (applying the 10% interest rate from April 5, 2023 – the day the Complaint was filed - through December 15, 2023). (*Id.*)

- $4,175.34 in prejudgment interest regarding the $120,000 loan (applying the 5% interest rate from April 5, 2023 – the day the Complaint was filed - through December 15, 2023). (*Id.*)

Plaintiff states that they have demonstrated their entitlement to judgment against Defendants in the amount of $266,629.91. (*Id.*) However, the Motion for Default Judgment also states that Defendants have "partially remitted a total of $14,239.14 under both [l]oans," which does not appear to be accounted for in Plaintiff's calculations. (*Id.* at 11.) Without information specifying how much Defendants repaid as to each specific loan, as well as the dates these payments were made, the Court is unable to determine if Plaintiff's interest calculations are correct. Therefore, the Court denies the Motion for Default Judgment on the issue of damages and directs Plaintiff to provide additional information regarding Defendant's partial payment and a revised damages calculation. *See Paniagua Grp.*, 183 F. Supp. 3d at 605 (granting motion for default judgment in part as to liability, but directing Plaintiff to submit further evidence supporting their

7

damages claim); *Mapssy Int'l, Inc. v. Hudson Valley Trading Inc.*, Civ. No. 08–3037, 2012 WL 4889229, at *6 (D.N.J. Oct. 11, 2012) (finding that the plaintiff had asserted a specific damage amount based on a breach of contract but had "not submitted documentation to support" the damages claim and that the court would enter a damages judgment "[u]pon receipt of memoranda and proof of [the] [d]efendant's outstanding debts").

## IV. CONCLUSION & ORDER

For the reasons set forth above, and other good cause shown,

**IT IS** on this 26th day of February 2025 **ORDERED** as follows:

1. Plaintiff's Amended Motion for Default Judgment (ECF No. 13) is **GRANTED** in part with respect to liability and **DENIED** in part without prejudice as to the amount of damages.

2. Within 14 days after the entry of this Memorandum Order, Plaintiff must provide the Court with additional information supporting the claim for damages consistent with this Order.

3. Plaintiff shall serve Defendants with a copy of this Memorandum Opinion within 14 days.

4. The Clerk's Office is directed to **ADMINISTRATIVELY TERMINATE** Plaintiff's Motion (ECF No. 13) pending Plaintiff's additional submission.

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE