**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE MICHAEL E. PANEBIANCO ACC FAMILY TRUST,<br><br>                    Plaintiff,<br><br>v.<br><br>VET CELLECT, LLC, et al.<br><br>                    Defendants. | Civil Action No. 23-01943 (GC) (JTQ)<br><br>**MEMORANDUM ORDER AND OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon Plaintiff Michael E. Panebianco ACC Family Trust's Amended Motion for Default Judgment (ECF No. 13) against Vet Cellect, LLC (VCL) and Mark Capone (collectively, Defendants) pursuant to Federal Rule of Civil Procedure (Rule) 55(b). At the direction of the Court, Plaintiff filed a Supplemental Memorandum of Law in support of his Motion. (ECF No. 15.) The Defendants have not filed opposition papers or otherwise appeared in this action. The Court has carefully considered Plaintiff's submissions and decides the Motion without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For reasons set forth below, and other good cause shown, Plaintiff's Motion is **GRANTED**.

**I.       BACKGROUND**

This case arises from Defendants' alleged failure to repay a debt owed to Plaintiff pursuant to two promissory notes executed on July 2, 2020. (ECF No. 1 ¶¶ 6-10.) On April 5, 2023, Plaintiff brought suit against Defendant VCL for breach of contract and Defendant Capone, VCL's president, for breach of guaranty. (*Id*. ¶¶ 6-19.) After Defendants were served and failed to answer,

Plaintiff obtained a Clerk's entry of default and subsequently moved for default judgment. (ECF No. 7.) This Court denied the motion without prejudice and issued an Order to Show Cause requiring Plaintiff to establish subject matter jurisdiction. (ECF No. 10.)

Plaintiff subsequently addressed subject matter jurisdiction in its Amended Motion for Default Judgment, which was filed on August 26, 2024. (ECF No. 13.) In the Court's February 26, 2025 Memorandum Opinion and Order, the Court granted Plaintiff's Amended Motion for Default Judgment as to liability, but denied the Motion as to damages. (ECF No. 14.) In their Amended Motion, Plaintiff claimed to be entitled to $266,629.91. (ECF No. 13-1 at 12.[1]) However, Plaintiff's Motion contained certain calculation discrepancies, which prevented the Court from verifying whether Plaintiff's estimates were correct. (*See* ECF No. 14 at 7-8.) Thus, the Court ordered Plaintiff to submit additional information and a revised damages estimate, which Plaintiff did on March 12, 2025. (ECF No. 15.)

## II.   LEGAL STANDARD

Under Rule 55(a), a plaintiff may request that the clerk of court enter default as to "a party against whom a judgment for affirmative relief is sought [who] has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Once a default is entered, the plaintiff may seek entry of a default judgment—either by the clerk or the court itself — under Rule 55(b).

A party is not entitled to a default judgment as of right; "the entry of such a judgment is left primarily to the discretion of the district court." *Directv, Inc. v. Asher*, Civ. No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d

---

[1]   Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

Cir. 1984). Because default judgment prevents the resolution of claims on their merits, the court "does not favor entry of defaults and default judgments." *United States v. Thompson*, Civ. No. 16-0857, 2017 WL 3634096, at *1 (D.N.J. July 20, 2017) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)).

Following an entry of default, "[a] defendant is deemed to have admitted the factual allegations of the Complaint . . . except those factual allegations related to the amount of damages." *Directv*, 2006 WL 680533, at *1. Still, "[t]he Court need not accept the moving party's legal conclusions, because [e]ven after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id*. (citation and internal quotation marks omitted).

### III.  DISCUSSION

Under Rule 55(b), a court need not accept allegations as to damages as true and may order a plaintiff seeking default judgment to provide additional evidence in support of its allegations. *Doe v. Simone*, Civ. No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While a court may conduct a hearing to determine the amount of damages pursuant to Rule 55(b), a hearing may not be necessary "so long as [the Court] ensures that there is a basis for the damages specified in the default judgment." *Paniagua Grp., Inc. v. Hosp. Specialists, LLC*, 183 F. Supp. 3d 591, 605 (D.N.J. 2016) (internal quotations and citations omitted).

Plaintiff has filed copies of the payment agreements and promissory notes, (ECF No. 1-1), as well as a declaration from its attorney, Richard J. Perr, (ECF No. 13-2), as exhibits to their Complaint and Motion for Default Judgment, respectively. Plaintiff's Supplemental Memorandum also included an additional certification from Perr. (ECF No. 15-1.) Perr certifies that Plaintiff loaned Defendants $220,000 pursuant to two promissory notes. (ECF No. 13-2 ¶¶11-12.) The

3

notes verify that Defendants are liable for (1) a $100,000 loan with interest payments of 10% per annum; and (2) a $120,000 loan with interest payments of 5% per annum. (ECF No. 1-1.)

In its previous Motion, Plaintiff stated that Defendants "partially remitted a total of $14,239.14 under both [l]oans," which the Court was unable to account for in Plaintiff's calculations. (ECF No. 13-1 at 11.) Plaintiff now states that the $14,239.14 payment figure was "errata." (ECF 15 at 5.) In Plaintiff's supplemental certification, Perr states that Defendants have only remitted a total of $4,206.39 under both loans:

- On the $100,000 loan, Defendants made three payments of $833.33 (total of $2,499.99).[2] (ECF No. 15-1 ¶ 4.)

- On the $120,000 loan, Defendants made a single payment of $1,706.40 on July 27, 2020. $1,230.36 of that payment was applied to the principal, and $476.04 was applied to the interest. (*Id.*)[3]

Therefore, as of August 23, 2024, Perr states that the current balances on each loan are as follows:

- The current balance on the $100,000 loan is $107,499.97 ($100,000 in principal and $7,499.97 in interest). (ECF No. 13-2 ¶ 11.)

- The current balance on the $120,000 loan is $141,631.20 ($120,000 in principal and $21,631.20 in interest). (*Id.* ¶ 12.)

Plaintiff requests the outstanding balance on both loans in addition to the following:

- $6,364 in attorneys' fees. (ECF No. 13-1 at 12.)

- $6,958.90 in prejudgment interest regarding the $100,000 loan (applying the 10% interest rate from April 5, 2023—the day the Complaint was filed—through December 15, 2023). (*Id.*)

---

[2]   Defendants made these payments on July 27, 2020, April 30, 2020, and November 29, 2021. (ECF 15-1 at 2.)

[3]   These amounts are corroborated by an attached screenshot of a payment ledger. (*See* ECF 15-2.) It is not clear to the Court whether this is an official bank statement, or an internal document created by Plaintiff.

- $4,175.34 in prejudgment interest regarding the $120,000 loan (applying the 5% interest rate from April 5, 2023—the day the Complaint was filed—through December 15, 2023). (*Id.*)

Based on the information provided by Plaintiff in the Supplemental Memorandum and previous filings, the Court finds that Plaintiff is entitled to recover $266,606.67 in damages and attorneys' fees.

### A. $100,000 Loan

Plaintiff states that they are entitled to $107,499.97 in damages pursuant to the $100,000 loan. (ECF No. 15 at 5.)  Under the terms of the agreement, Plaintiff loaned $100,000 to Defendants subject to 10% interest per annum (i.e. $10,000 annual interest). (ECF No. 1-1 at 5.) Plaintiff made three payments of $833.33 (total of $2,499.99) in interest.  To calculate their damages, the Court presumes Plaintiff subtracted Defendant's three interest payments from $110,000 (the loan amount plus the annual interest) to arrive at $107,499.97.  Based on the Court's review of the submitted materials, Plaintiff's request is reasonable. [4]

### B. $120,000 Loan

Plaintiff requests $141,631.20 in damages pursuant to the $120,000 loan ($120,000 in principal and $21,631.20 in interest based on a 5% annual interest rate). (ECF No. 15 at 5.) The Court assumes that Plaintiff calculated the figure based on the terms of the original loan agreement. (*See* ECF No. 1-1 at 11.)  That agreement provided Defendant with a loan for $120,000 to be repaid in 84 monthly installments of $1,706.40 beginning on July 15, 2020, which amounts to a total of $143,337. (*Id.*)  Subtracting the $1,706.40 that Defendant repaid from this amount yields a total

---

[4] Based on the Court's calculations, the amount owed is $107,500.01 based on the terms of the original agreement and $107,500.00 based on the terms of the June 2021 modified agreement.  Because Plaintiff is requesting an amount less than the Court's calculation—and because a three or four-cent difference is not meaningful—the Court will grant Plaintiff's request for $107,499.97.

of $141,631.20—the amount of damages Plaintiff claims entitlement to under the terms of the $120,000 loan agreement. The Court will grant Plaintiff's request.[5]

### C. Prejudgment Interest

New Jersey law dictates that "[t]he allowance of prejudgment interest is a matter of discretion for the trial court." *Cnty. of Essex v. First Union Nat. Bank*, 891 A.2d 600, 608 (2006); *see also United States for Use of Co. Custom Rock Corp. v. G&C Fab-Con, LLC*, Civ. No. 20-02968), 2024 WL 4356306, at *12 (D.N.J. Oct. 1, 2024) ("Because pre-judgment interest is a procedural question of law and no federal law or rule governs the issue, the law of the forum—New Jersey law—applies here."). Similarly, the Court has discretion to determine "the rate at which prejudgment interest is calculated." *Amba v. Rupari Food Servs., Inc.*, Civ. No. 10-4603, 2016 WL 6471019, at *3 (D.N.J. Oct. 31, 2016).

Plaintiff requests prejudgment interest pursuant to the interest rates specified in the loan agreements, from the date the Complaint was filed (April 5, 2023) through the date of the initial Motion for Default (December 15, 2023). (ECF No. 13-1 at 12.) The Court finds Plaintiff's request reasonable. Applying the applicable interest rates (10% for the $100,000 loan; 5% for the $120,000 loan), the Court calculates that Plaintiff is entitled to $6,944.34 in prejudgment interest with respect to the $100,000 loan, and $4,166.66 with respect to the $120,000 loan.[6] In total, the Court awards Plaintiff $11,111.00 in prejudgment interest.

---

[5] It appears that Plaintiff's calculations are based on the terms of the original agreement. Based on the terms of the June 2021 modified agreement, the Court calculates the amount owed as $146,750.50. (*See* ECF No. 1-1 at 8.) Because Plaintiff is requesting an amount less than the Court's calculation, the Court will grant Plaintiff's request for $141,631.20.

[6] These numbers differ slightly from Plaintiff's request for $6,958.90 and $4,175.34, respectively. Because Plaintiff has not provided information regarding how these numbers were calculated, the Court will grant prejudgment interest based on its own calculations.

### D. Attorneys' Fees

Plaintiff sufficiently establishes its entitlement to costs and attorneys' fees. Both loan agreements include a provision that requires Defendants to pay "all costs and expenses incurred, including reasonable attorney fees and costs" in the event of a default. (*See* ECF No. 1-1 at 5, 11.) Under New Jersey law, "[a]ttorneys' fees clauses are enforceable." *Days Inns Worldwide, Inc. v. Mimar Inv. Co.*, Civ. No. 11-3219, 2012 WL 924336, at *4 (D.N.J. Mar. 19, 2012) (granting contractually mandated attorneys' fees in default judgment case); *see also Healthcare Servs. Grp., Inc. v. Skyline Servs. Grp., LLC,* Civ. No. 17-2703, 2019 WL 12105651, at *1 (E.D. Pa. July 2, 2019) ("Where there is an agreement which provides a remedy for reasonable collection costs, the right to costs and attorney's fees arises from a favorable default verdict.") (internal quotations omitted); (*Travelodge Hotels, Inc. v. Shivmansi, Inc.*, Civ. No. 13-2881, 2015 WL 2354027, at *2 (D.N.J. May 14, 2015) (granting attorneys fees in addition to damages in a default judgment action based on parties' agreement that the "nonprevailing party will pay all costs and expenses, including reasonable attorneys' fees"). "A party seeking attorney fees bears the ultimate burden of showing that its requested hourly rates and the hours it claims are reasonable." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005), *as amended* (Nov. 10, 2005).

Plaintiff requests $6,364.50 in attorneys' fees. (*See* ECF No. 13-2.) Plaintiff's counsel submitted a detailed certification showing a total of 19.6 hours billed at an hourly rate ranging from $275 to $350 (depending on the attorney). (ECF No. 13-2 at 6.) Based on the attached certification, the total attorneys' fees amount to $5,642.50. Combined with $722 of filing fees, Plaintiff certifies $6,364.50 of damages and fees. (*Id*.)

The Court finds that the requested fees and costs are reasonable as they comport with similar awards for attorneys' fees and costs in this District. *See, e.g., J & J Sports Prod., Inc.*, 2020

WL 832917 at *2 (finding that counsel's requested fees of $325 per hour, his secretary's fees of $80 per hour, a $400 filing fee, and a $525 investigative fee were all reasonable); *Innovative Sports Mgmt., Inc. v. El Punto Marino Rest. LLC*, Civ. No. 20-14251, 2021 WL 5608275, at *1 (D.N.J. Nov. 4, 2021), *report and recommendation adopted*, Civ. No. 20-14251, 2021 WL 5585928 (D.N.J. Nov. 30, 2021) (same); *G & G Closed Cir. Events, LLC v. Don Tequila Bar & Grill, LLC*, Civ. No. 19-84, 2020 WL 4670926, at *1 (D.N.J. Aug. 12, 2020) (same). The Court awards Plaintiff $6,364.50 in attorneys' fees and costs.

## IV. CONCLUSION & ORDER

For the reasons set forth above, and other good cause shown,

**IT IS** on this 1st day of May 2025 **ORDERED** as follows:

1. Plaintiff's Amended Motion for Default Judgment (ECF No. 13) is **GRANTED.**

2. Plaintiff is awarded $266,606.67, comprised of $249,131.17 in damages, $11,111.00 in prejudgment interest, and $6,364.50 in attorneys' fees and costs.

3. Plaintiff shall serve Defendants with a copy of this Memorandum Opinion within 14 days.

4. The Clerk's Office is directed to **ADMINISTRATIVELY TERMINATE** Plaintiff's Motion (ECF No. 13) and **CLOSE** the case.

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**